IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROLYN HENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-00295-JD |
| ) | |
| WAL-MART STORES EAST LP, ) | |
| doing business as Wal-Mart Stores Inc., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the Motion to Dismiss ("Motion") [Doc. No. 14] filed by Wal-Mart Stores East LP ("Defendant"). The Motion seeks dismissal of Carolyn Henson's ("Plaintiff") amended complaint [Doc. No. 12] under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons stated below, the Court GRANTS the Motion.

**I.   BACKGROUND**

In March 2020, Plaintiff was employed as an at-will employee by Defendant as a Sales Project Supervisor. *See* Am. Compl. [Doc. No. 12] ¶¶ 2.1, 4.5. As part of her job responsibilities, she traveled throughout Oklahoma to various stores operated by Defendant. *Id.* ¶ 4.5. Plaintiff was given a credit card to use for business-related expenses. *Id.* Defendant terminated Plaintiff's employment. *Id.* ¶¶ 4.2, 4.6.

Plaintiff alleges that, despite performing her duties in a competent and satisfactory manner, she was discharged so Defendant would not be required to pay her

retirement benefits. *Id.* ¶¶ 4.2, 4.9,[1] 5.8, 5.11. Plaintiff argues she was wrongfully terminated since "at the time of her termination, Plaintiff was only two (2) months and twelve (12) days from being fully vested in her retirement benefits with Defendant." *Id.* ¶ 4.3. In contrast, Defendant maintains that Plaintiff was terminated for improper use of her company credit card. *Id.* ¶¶ 4.6, 5.12.

## II.  STANDARD OF DECISION

In considering a motion to dismiss under Rule 12(b)(6), the inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under this standard, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006) (citation omitted). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For a claim to be plausible, the allegations must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If the allegations in a complaint "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs

---

[1] Paragraph 4.9 appears on page 4 of the Amended Complaint as misnumbered paragraph 4.3.

'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

## III. <u>ANALYSIS</u>

In Oklahoma,[2] the general rule regarding terminating at-will employees is that "an employer may discharge an employee for good cause, for no cause or even for cause morally wrong, without being thereby guilty of legal wrong." *Burk v. K-Mart Corp.*, 770 P.2d 24, 26 (Okla. 1989). This general rule, however, is not absolute. *Id.* One of the exceptions to this rule is the "public policy exception"—commonly referred to as a *Burk* tort. A successful *Burk* tort must allege:

> (1) an actual or constructive discharge (2) of an at-will employee (3) in significant part for a reason that violates an Oklahoma public policy goal (4) that is found in Oklahoma's constitutional, statutory, or decisional law or in a federal constitutional provision that prescribes a norm of conduct for Oklahoma and (5) no statutory remedy exists that is adequate to protect the Oklahoma policy goal.

*Vasek v. Bd. of Cnty. Comm'rs of Noble Cnty.*, 186 P.3d 928, 932 (Okla. 2008).

This exception prohibits the "at-will termination rule in a narrow class of cases in which the discharge is contrary to a clear mandate of public policy as articulated by constitutional, statutory or decisional law." *Burk*, 770 P.2d at 28. "An employer's termination of an at-will employee in contravention of a clear mandate of public policy is a tortious breach of contractual obligations." *Id.* But even this exception is "tightly

---

[2] When a case is before the court on diversity as it is here, the district court's role is to ascertain and apply Oklahoma law such that the court reaches the result that would have been reached by an Oklahoma court. *See McIntosh v. Scottsdale Ins. Co.*, 992 F.2d 251, 253 (10th Cir. 1993) (applying Kansas law).

circumscribed" and "limited." *Id.* at 29. Specifically, the Oklahoma Supreme Court has explained that where the "discharge is motivated by the employer's desire to avoid payment of benefits *already earned by the employee* . . . the discharge has been characterized 'as a reason contrary to public [policy].'" *Id.* (emphasis added) (alteration to correct quotation) (quoting *Cort v. Bristol-Myers Co.*, 431 N.E.2d 908, 910 (Mass. 1982)).

Upon careful review of the Amended Complaint and the parties' arguments, the Court concludes that Plaintiff has failed to plead sufficient facts to successfully state a claim for relief that is plausible on its face. *Ridge at Red Hawk*, 493 F.3d at 1177. Here, the parties do not contest that Plaintiff was 1) discharged or 2) an at-will employee. However, the Court determines that Plaintiff has failed to successfully allege the last three elements of a *Burk* tort.

### A. Plaintiff was not discharged for a reason that violated a clearly mandated Oklahoma public policy (elements three and four).

Plaintiff claims Defendant violated Oklahoma public policy by "causing financial loss and intentional infliction of emotional distress against Plaintiff," failing to protect her retirement benefits, and weakening the state economy. Am. Compl. [Doc. No. 12] ¶¶ 1.1, 5.6, 5.7, 5.10. Particularly, Plaintiff argues that *Burk* precludes Defendant's actions since Defendant sought to avoid the payment of her benefits. *See* Response [Doc. No. 15] at 2–3.

Although the Court must accept Plaintiff's contention that she was terminated so Defendant did not have to pay for her retirement benefits, it is not similarly required to

4

accept her description of Oklahoma public policy. *See Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) ("'[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.'" (quoting *Iqbal*, 556 U.S. at 678)). Instead, "[t]he implication of a sufficiently discernable public policy presents a question of law to be resolved either [by the trial court] or ultimately by an appellate court." *Vasek*, 186 P.3d at 933 (quoting *Darrow v. Integris Health, Inc.*, 176 P.3d 1204, 1210 (Okla. 2008)).

Here, Plaintiff cites *Burk* in support of her position. However, *Burk* applied to "payment of benefits already earned by the employee," and Plaintiff has not pleaded facts showing that she already earned her retirement benefits. *Burk*, 770 P.2d at 29. Although Plaintiff briefly mentions ERISA, she has cited no other Oklahoma constitutional, statutory, or decisional law that makes clear such action is in violation of Oklahoma public policy. *See Griffin v. Mullinix*, 947 P.2d 177, 179 (Okla. 1997) ("[A] federal statute cannot serve as an articulation of Oklahoma public policy, absent a specific Oklahoma decision, statute or constitutional provision."). Thus, the Court rejects Plaintiff's legal conclusion that terminating an at-will employee two months before her retirement benefits "vest" is in violation of a clearly mandated Oklahoma public policy.

   **B. Even if terminating an employee two months before her retirement benefits vested was a clearly mandated Oklahoma public policy, a statutory remedy exists that is adequate to protect this public policy goal (element five).**

Even if Plaintiff had identified a clear Oklahoma public policy, she could only prevail if "no statutory remedy exists that is adequate to protect the Oklahoma policy goal." *Vasek*, 186 P.3d at 932. Plaintiff argues that no statutory remedy exists to protect

the public policy goal of protecting retirement benefits. Am. Compl. [Doc. No. 12] ¶¶ 5.4, 5.5. Specifically, Plaintiff argues that Section 510 of ERISA has no enforcement or remedial provision. *Id.* ¶ 5.5.

Here, a statutory remedy does exist. According to Section 510 of ERISA, it is "unlawful for any person to discharge . . . a participant . . . for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . ." 29 U.S.C. § 1140. Further, ERISA specifically provides a remedy—"[a] civil action may be brought . . . by a participant . . . (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief . . . ." 29 U.S.C. § 1132(a)(3). Even if Plaintiff had correctly identified an Oklahoma public policy goal, a "statutory remedy exists that is adequate to protect" that goal. Accordingly, Plaintiff has failed to plead a plausible *Burk* tort.[3]

---

[3] Additionally, Defendant argues, and Plaintiff fails to address, that ERISA preempts any *Burk* tort claim in this case. *See* Motion [Doc. No. 14] at 8–9.  In *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133 (1990), a case cited by Defendant, the employee was terminated four months shy of when his pension would have vested. Although the employer cited a companywide reduction in force as the reason for his termination, the employee sued for state-law claims, alleging that "a principal reason for his termination was the company's desire to avoid making contributions to his pension fund." *Id.* at 135–36. The Texas Supreme Court sided with the employee, reasoning that "notwithstanding the traditional employment at-will doctrine, public policy imposes certain limitations upon an employer's power to discharge at-will employees." *Id.* at 136. The United States Supreme Court granted certiorari and reversed the judgment of the Texas Supreme Court, holding that the employee's state-law wrongful discharge claim based on the allegation the employee was unlawfully discharged to prevent his attainment of benefits under a pension plan was preempted by ERISA. *Id.* at 140, 142–45.

## IV. CONCLUSION

For these reasons, the Court concludes that Plaintiff has failed to state a *Burk* tort claim. Consequently, the Court GRANTS Defendant's Motion to Dismiss. [Doc. No. 14] and DISMISSES Plaintiff's Amended Complaint [Doc. No. 12].

IT IS SO ORDERED this 8th day of September 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE